IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

      v.

**ANTONIO C. ALLEN,**

**Defendant.**                                            Case No.   10-cr-30178-DRH

### MEMORANDUM & ORDER

Before the Court is defendant Antonio C. Allen's May 22, 2013 motion to correct erroneously assessed two level enhancement, specific to 2K2.1(b)(6)(B) (Doc. 66).  On October 19, 2012, the Court sentenced Allen to 60 months as to Count 1 of the indictment and 63 months as to Count 2 of the indictment, said terms to run concurrently (Doc. 55).  On December 10, 2012, Allen filed his notice of appeal (Doc. 58).  Thereafter, on March 20, 2013, the Seventh Circuit dismissed Allen's appeal as untimely (Doc. 64).

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule.  *See Carlisle v. United States*, 517 U.S. 416 (1996).  The following post-judgment motions are allowed if timely filed.  Under FEDERAL RULE OF CRIMINAL PROCEDURE 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands.  Further, a Rule 33 motion for new trial based on newly discovered evidence must be brought within 3 years

after the verdict and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 has a 1 year statute of limitations.

Here, Allen does not cite any case law or statute which allows the Court to consider his motion. Rule 35 is inapplicable because this motion is brought 7 months *after* the sentencing and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days of the verdict to be timely based on other reasons. Therefore, the only other possible procedural avenue that Allen could bring this motion is a § 2255 collateral attack.[1]

After reviewing the pleading, it appears that Allen intends to pursue a collateral attack. However at this time, the Court is not inclined to treat Allen's motion as a § 2255. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Recharacterizing a prisoner's *initial* post-judgment motion as a collateral attack subject to § 2255 has a potential to surprise a legal novice who may think that the motion does not jeopardize the right to one complete round of collateral review. Accordingly, the Supreme Court held in *Castro v. United States,* 540 U.S.

---

[1] Section 2255 ¶ 1 authorizes a motion by a person "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

375 (2003), that unless the district judge has warned the prisoner that a motion will be treated as a collateral attack, and offered the opportunity to withdraw it (or add any other issues that would be included with a motion under § 2255), the motion does not count as the one collateral attack allowed to each prisoner.").

Based on the language in *Melton*, the Court **ADVISES** Allen that he has up to and including **June 28, 2013** to withdraw this motion or amend the motion to add any other relevant issues.  If Allen has not moved to withdraw the motion by June 28, 2013, the Court will construe his pleading as a collateral attack, terminate the motion in this criminal case and open a new *civil* case for his § 2255 petition.  Further, the Court **ADVISES** Allen to consult 28 U.S.C. § 2255, the FEDERAL RULES OF CRIMINAL PROCEDURE and the Court's Local Rules on how to properly file such a petition

**IT IS SO ORDERED.**

Signed this 28th day of May, 2013.

Digitally signed by
David R. Herndon
Date: 2013.05.28
11:23:01 -05'00'

**Chief Judge**
**United States District Court**