IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

      v.

ANTONIO C. ALLEN,

Defendant.                                          Case No.  10-cr-30178-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is defendant Antonio C. Allen's June 17, 2013 motion, titled in its entirety, "Motion to Strike the Previously Filed Motion to Correct Erroneously Assessed Two Level Enhancement, Specific to 2K2.1(b)(6)(B), and in the Alternative, File the Instant Motion to Recall the Mandate Pursuant to Fed. R. Crim. P. 36. This Court has Inherent Power and Ancillary Jurisdiction Nunc Pro Tunc to Correct Serious Clerical Errors in the Court's Files and Records in a Criminal Case" (Doc. 70).

It appears Allen would like to withdraw his previous motion, which the Court construed as an attempt to collaterally attack his sentence (Doc. 66), in favor of his instant request. In reliance on FEDERAL RULE OF CRIMINAL PROCEDURE 36, Allen argues that the sealed statement of reasons accompanying his judgment (Doc. 56) contain a clerical error. Rule 36 provides:

**Rule 36. Clerical Error**

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed. R. Cr. P. 36.

While clerical but not judicial errors are subject to correction at any time, *see United States v. Daddino,* 5 F.3d 262, 264-65 (7th Cir. 1993), Allen has drawn the Court's attention to neither. In construing Allen's motion as liberally as possible, it appears he is arguing that the undersigned incorrectly checked box IV.A contained within the sealed statement of reasons. Box IV.A states, "[t]he sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart" (Doc. 56, p. 2). Allen's guideline sentence range was from 63 to 78 months (Doc. 56, p. 1). The Court sentenced Allen to 60 months as to Count 1 and 63 months as to Count 2, said terms to run concurrently (Doc. 55, p. 2). Thus, the undersigned correctly checked Box IV.A as Allen's sentence was "within an advisory guideline range that is not greater than 24 months." While Allen may think this was in error because he received a sentence "greater than 24 months," he is incorrect. Thus, as this is the only decipherable issue raised in his instant motion, it is **DENIED** (Doc. 70). At Allen's request, his previously filed, "Motion to Correct Erroneously Assessed Two Level Enhancement, Specific to 2K2.1(b)(6)(B)" is **WITHDRAWN** (Doc. 66).

**IT IS SO ORDERED.**

Signed this 25th day of June, 2013.

David R. Herndon
2013.06.25
15:33:27 -05'00'

**Chief Judge**
**United States District Court**