IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTONIO C. ALLEN,

Defendant.                                                No. 10-cr-30178-DRH

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On October 19, 2012, the Court sentenced Antonio C. Allen to 63 months imprisonment (Doc. 52) and the Clerk of the Court entered judgment reflecting the same (Doc. 55). Allen appealed his sentence and conviction and the Seventh Circuit Court of Appeals issued its mandate dismissing the appeal because it was untimely filed (Doc. 64) On October 23, 2014, Allen filed a pro se motion for reduction of sentence pursuant to U.S.S.G. Amendment 782 (Doc. 75). On February 3, 2015, in accordance with this District's Administrative Order No.167, Assistant Federal Public Defender G. Ethan Skaggs entered his appearance on behalf of Allen (Doc. 77). Skaggs has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 78). *See Anders v. California*, 386 U.S.

738, 744 (1967). Thereafter, the Court allowed Allen an opportunity to respond to the motion to withdraw (Doc. 79). As of this date, Allen has not responded.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant pursuing a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

Allen *is* not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. §3582(c)(2). Here, Allen was sentenced under U.S.S.G. §2K2.1(a)(4)(A) for prohibited possession of a firearm. Therefore, Allen's guideline sentencing range did not change as a result of the application of Amendment 782. Consequently, Allen's guideline range also has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 78) and **DENIES** Allen's motion for a sentence reduction (Doc. 75).

**IT IS SO ORDERED.**

Signed this 21st day of May, 2015.

Digitally signed by
David R. Herndon
Date: 2015.05.21
11:25:45 -05'00'

**United States District Judge**